IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00445-WYD-CBS

JPMORGAN CHASE BANK, N.A.; and
J.P. MORGAN SECURITIES, LLC,

    Plaintiffs,

v.

TIMOTHY D. SODERQUIST,

    Defendant.

---

## TEMPORARY RESTRAINING ORDER

---

THIS MATTER came before the Court on a hearing on Wednesday, February 23, 2011, on Plaintiffs' Motion for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery [ECF No. 2], filed the same day.  The Court, having reviewed the motion, the memorandum of law in support of the motion, its accompanying affidavits, the Defendant's brief in opposition, and having heard argument at the hearing, concludes that the motion shall be granted as to the issuance of a temporary restraining order and the request for expedited discovery.

**I.     BACKGROUND**

This dispute arises out of the resignation of Timothy Soderquist from JPMorgan on February 18, 2011.  After his resignation, Mr. Soderquist immediately started work at Morgan Stanley Smith Barney LLC ("Morgan Stanley"), a direct competitor of JPMorgan in Colorado.  While employed at JPMorgan, Mr. Soderquist agreed to be bound by JPMorgan's Code of Conduct and a Supervision, Confidentiality, and Non-Solicitation

Agreement. In so doing, he agreed that should he leave JPMorgan, he would be restricted from soliciting customers for one year; using confidential information related to JPMorgan and its customers; and from soliciting JPMorgan employees to violate their agreements with JPMorgan. JPMorgan argues that Mr. Soderquist has violated his agreements and now seeks a temporary restraining order preventing Mr. Soderquist from continuing to do so.

## II.     LEGAL STANDARDS

The primary purpose of injunctive relief is to preserve the status quo pending a final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275, 277 (10th Cir. 1981). A movant seeking a temporary restraining order or preliminary injunction must establish:

(1) a substantial likelihood of success on the merits;

(2) irreparable injury to the movant if the injunction is denied;

(3) that the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and

(4) that the injunction would not be adverse to the public interest.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

Because injunctive relief "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video*, 269 F.3d at 1154. Issuance of a temporary restraining order is subject to the court's discretion. *Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 883 (10th Cir. 1933).

### III.     FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds:

1.     The Defendant, Timothy Soderquist resigned from JPMorgan Chase on February 18, 2011. That same day, he started work with Morgan Stanley Smith Barney LLC, a direct competitor of JPMorgan.

2.     While employed by JPMorgan, the Defendant executed an agreement that contained restrictions on his ability to use JPMorgan's records and to solicit JPMorgan's clients after terminating his affiliation with JPMorgan.

3.     Specifically, Mr. Soderquist agreed to be bound by JPMorgan's Code of Conduct as well as a Supervision, Confidentiality, and Non-Solicitation Agreement restricting him from (1) soliciting customers for one year; (2) using confidential information related to JPMorgan and its customers; (3) soliciting JPMorgan employees to violate their agreements with JPMorgan.

4.     According to the Declaration of Randall W. Hammond, when Mr. Soderquist left JPMorgan, Mr. Soderquist serviced 103 clients representing $365 million in assets under management.

5.     After leaving JPMorgan, the Defendant contacted at least 80 of his former JPMorgan customers. Such communications were a form of solicitation, because the communications, at least by implication, asked customers to transfer their business from JPMorgan to Morgan Stanley, the Defendant's new employer.

6.     JPMorgan's agreements with Defendant, the duty of loyalty, and the statutory and other rights of JPMorgan with respect to its confidential and proprietary business and customer information and records, are being and will continue to be

violated by Defendant unless enjoined by this Court.

7. JPMorgan has demonstrated a substantial likelihood of success on the merits. Using JPMorgan's proprietary customer lists, which constitute trade secrets within the meaning of the law, to contact JPMorgan customers, is a violation of the non-solicitation agreement signed by the Defendant.

8. JPMorgan will suffer irreparable harm and loss if Defendant is permitted to solicit JPMorgan's clients, convert JPMorgan's property to his own use and that of his new employer, Morgan Stanley.

9. JPMorgan has no adequate remedy at law.

10. Greater injury will be inflicted upon JPMorgan by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

11. Issuance of this injunction is not adverse to the public's interest. It is in the public's interest to require individuals who have entered into binding non-solicitation agreements, which include requirements that they cannot improperly use customer lists and other trade secrets, to honor such obligations.

12. An injunction in the form of a temporary restraining order is necessary to preserve the status quo.

**Accordingly, it is ORDERED that:**

1. A temporary restraining order is issued and becomes effective upon the posting of a security by the Plaintiffs. JPMorgan shall post security in the amount of $25,000 not later than February 24, 2011, with the Clerk of the Court.

2. Defendant and all those acting in concert with him, including but not limited to the directors, officers, employees and agents of his new employer, Morgan

Stanley, are temporarily enjoined and restrained, directly or indirectly, from:

    (a)    soliciting, attempting to solicit, inducing to leave or attempting to induce to leave any JPMorgan customer with whom Defendant had professional contact at JPMorgan, for whom Defendant had responsibility at JPMorgan, or with respect to whom Defendant was privy to confidential information during the last two years of his employment with JPMorgan; and

    (b)    using, disclosing or transmitting for any purpose JPMorgan's documents, materials and/or confidential and proprietary information pertaining to JPMorgan, JPMorgan's employees and/or JPMorgan's clients.

3.    This order does not apply to any JPMorgan customer who is in the process of transferring, his, her, or its account from JPMorgan Chase Bank, N.A. or J.P. Morgan Securities, LLC, to Morgan Stanley.

4.    Defendant, and all those acting in concert with him, including but not limited to the directors, officers, employees and agents of Morgan Stanley, are further ordered to return to JPMorgan or its counsel all records, documents and/or information in whatever form (whether original, copied, computerized, electronically stored, or handwritten), pertaining to JPMorgan's customers, employees, and business, within **48 hours** of notice to Defendant or his counsel of the terms of this Order.

5.    This temporary restraining order is binding upon Defendant, his agents, servants, employer, any entity with which he is employed or affiliated, and those in active concert or participation with him who receive actual notice of this Order.

6.    This Order shall remain in full force and effect for a period of **14 days**, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.

7.    The parties are granted leave to commence expedited discovery

immediately in aid of preliminary injunction proceedings before this Court, including the right to depose Defendant and inspect his personal and office computers.

8. The parties are directed to proceed with arbitration in accordance with Rule 13804 of the FINRA Code of Arbitration Procedure of Industry Disputes.

9. Defendant shall appear on **March 10, 2011 at 9:00 AM** and show cause why this Order should not be converted into a Preliminary Injunction until a duly appointed panel of FINRA arbitrators decides JPMorgan's claim for permanent injunctive relief. Defendant's opposition papers, if any, shall be served no later than **Wednesday, March 2, 2011** and JPMorgan's reply papers shall be served no later than **March 7, 2011**.

Dated: February 24, 2011

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge